IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIE ROMEL MCKNIGHT, #784060,** | § | |
| Petitioner, | § | |
| | § | No. 3:04-CV-1930-R |
| v. | § | ECF |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR, TDCJ-CID,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner challenges his conviction for injury to a child. *The State of Texas v. Willie Romel McKnight*, No. F-9700016-LJ, (Crim. Dist. Ct. No. 3, Dallas County, Tex., April 26, 2001).[1] Petitioner was sentenced to forty years confinement. On December 31, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction. *McKnight v. State*, No. 05-01-00768-CR (Tex. App – Dallas, Dec. 31, 2002). On June 11, 2003, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *McKnight v. State*, PDR No. 371-03.

On June 21, 2004, Petitioner filed a state application for writ of habeas corpus. *Ex parte McKnight*, No. 59,807-01. On December 15, 2004, the Court of Criminal Appeals denied the

---

[1] Petitioner's previous conviction and life sentence for this charge were reversed and remanded because extraneous offense evidence was improperly admitted. *McKnight v. State*, No. 05-97-00875-CR (Tex. App. – Dallas, Aug. 3, 1999).

petition without written order.

On August 28, 2004, Petitioner filed his federal petition. Petitioner argues: (1) he received ineffective assistance of counsel; (2) there was insufficient evidence to support his conviction; (3) the state concealed evidence; and (4) the verdict was against the great weight and preponderance of the evidence.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Appellant had been staying with Darlene Moton and her two sons for approximately one week before her seven-month-old son, Javaris, suffered head injuries. The day before Javaris was injured, appellant and Moton argued over her paycheck. Following the argument, Moton took her two sons and spent the night at her sister's, Carolyn Smith's, apartment located in the same complex. On Saturday morning, Moton went back to her apartment to get a change of clothes for herself and the boys. She took her nephew with her because she was "kind of scared." Appellant was in the apartment but they did not speak.
>
> Moton returned to Carolyn's apartment and they all went to Denny's for breakfast. Javaris behaved well and ate a good breakfast. They returned to Carolyn's apartment and visited for a short while. Moton then returned to her apartment with the boys. She placed Javaris in the baby swing. Appellant was in the apartment watching television. Moton went to do the laundry. She took her other son, LaDarrius, with her. While doing the laundry, Moton was in and out of the apartment. Each time she returned, she checked on Javaris. When he fell asleep, she moved him to her bed.
>
> Moton was carrying a load of clean laundry when she stopped to talk with a friend at the bottom of the stairs. She heard Javaris "whine." Her niece, Tarolyn Smith, went to check on Javaris. She returned with Javaris. It was obvious something was wrong with the baby. His face was blue, his eyes were rolled back, and he had a knot above his ear. Moton and Carolyn rushed Javaris to the hospital. Appellant went with them.
>
> Dr. Christina Stiles, the emergency room physician at Presbyterian Hospital, testified that Javaris was critically ill upon arrival. This was the worst head injury she had ever seen in an infant. Dr. Stiles intubated Javaris to help him breathe. She had him transferred to Children's Medical Center.

>Dr. Donna Persaud attended to Javaris at Children's Medical Center. Javaris had multiple skull fractures. Dr. Persaud testified that Javaris would have shown symptoms immediately after the injury. She also testified that she would expect an injury of this degree to have resulted from a car accident where the child was unrestrained or from a fall from a one-story building. In her opinion, Javaris had been injured by another person.
>
>Dr. Barry Hicks, a pediatric surgeon at Children's Medical Center, testified that Javaris was near death when he was brought into the hospital. He stated that the injury could have occurred either that day or the day before.
>
>Michael Kemp, a child abuse detective with the Dallas police department, went to Children's Medical Center that Saturday night to investigate the case. After obtaining basic information about Javaris's injury, he asked appellant, Moton and Carolyn to come down to the station. All of them went voluntarily. Kemp took appellant's statement. Another officer took statements from Moton and Carolyn. After comparing statements, Kemp concluded that appellant had been Javaris's sole caretaker. Appellant was arrested.

*McKnight v. State*, No. 05-01-00768-CR (Tex. App – Dallas, Dec. 31, 2002), slip op. at 1-2.

### III.  Discussion

**1.  Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

>(d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>>(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.     Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel because his counsel failed to object to expert testimony by Doctors Christina Stiles, Barry Hicks and Donna Persaud.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner states his counsel was ineffective for failing to object to testimony by three doctors who examined the victim on the day of the incident. Petitioner argues the testimony of these witnesses was unreliable and irrelevant. Petitioner does not state why the testimony was unreliable, nor does he state the basis for excluding this testimony. The testimony of these witnesses was clearly relevant to determining the nature of the victim's injuries, and a time-frame for the injuries.

Additionally, Petitioner claims his counsel was unprepared for these witnesses. Petitioner does not explain how his counsel was unprepared, what type of further preparation his counsel should have taken, or how further preparation would have altered the outcome of the case. Petitioner's claims of ineffective assistance of counsel are conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**3.    Insufficiency of the Evidence**

Petitioner states there is a "material and fatal variance" between the indictment and the evidence. He also argues the evidence did not support a finding of "knowledge" and that the jury's verdict was based on "the theatrics of the prosecutor" rather than any evidence linking Petitioner to the crime.

Respondent argues Petitioner's insufficiency of the evidence claim is procedurally

barred. The records reflects that Petitioner raised his insufficiency of the evidence claim on appeal, but he failed to raise the claim in his petition for discretionary review. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim.[2] The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

Petitioner has not presented his claims to the Texas Court of Criminal Appeals. If this Court required him to do so, the claims would be subject to dismissal under the Texas abuse-of-the-writ doctrine. TEX. CODE CRIM. PRO. Ann. art. 11.07, § 4. That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law . . . ." *Id.* (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a

---

[2] A claim of insufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981). *See West v. Johnston*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

"fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**4.     *Brady v. Maryland***

Petitioner argues the prosecution failed to disclose that the mother of the victim "had been the subject of investigation in 'another state' for similar issues related to the abuse of her children." (Pet. at 7).

To establish a claim for failure to disclose evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), Petitioner must show that the prosecution suppressed favorable, material evidence that was not discoverable through due diligence. *Brady*, 373 U.S. at 87. Evidence is "material" if there is a "reasonable probability" that the outcome of the trial would have been different had

the evidence been disclosed to the defendant. *United States v. Freeman*, 164 F.3d 243, 248 (5th Cir. 1999). *Brady,* however, "does not obligate the State to furnish a defendant with evidence that is fully available to the defendant through the exercise of reasonable diligence." *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002) (citing *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997).

In this case, Petitioner failed to show that the prosecution had any knowledge that the mother of the victim was previously investigated for abusing her children. Further, Petitioner has submitted no evidence that such an investigation ever occurred. Petitioner's conclusory allegations are without merit and should be denied.

**5.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed June 20, 2006.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).